UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRANCISCO RODRIGUEZ RUIZ, JR.,

        Plaintiff,

        v.                                      Case No. 22-C-368

CPT. C. CRUZ, CPT. SANCHEZ,
CO II JORDAN WIERENGA,
JOHN DOES, and JIMMIE HANSON,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Francisco Rodriguez Ruiz, Jr., who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Rodriguez Ruiz's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Rodriguez Ruiz has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Rodriguez Ruiz has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2) and has been assessed and paid an initial partial filing fee of $8.87. Rodriguez Ruiz's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Rodriguez Ruiz alleges that, while he was incarcerated at Fox Lake Correctional Institution, Defendant Captain Cruz used excessive force by tasing him, and Defendants Captain Sanchez, CO II Jordan Wierenga, and three others used excessive force and beat him. He also asserts that Sanchez deprived him religious items, and Wierenga "showed [him] that [his] legal material was illegally opened with [him] being present & this has happened more than once, causing [him] to not just be denied [his] legal material. But it being lost/destroyed." Dkt. No. 1 at 2.

Rodriguez Ruiz next alleges that he was in a wheelchair waiting to be transported to the hospital when Wierenga allegedly punched him. Rodriguez Ruiz asserts that he told the woman who arrived with the ambulance that his head hurt really bad as a result of Wierenga allegedly assaulting him. He states that hospital staff refused to treat him and sent him back to the prison, but the nurse "denied [him] & had [him] sent back." He states that after the hospital again denied him treatment, "Wierenga punched [him] again in the back of [his] head where [he] lost balance falling to the floor only to hit [his] head." Dkt. No. 1 at 2.

Rodriguez Ruiz asserts all of this happened because "they" believed he was forcing them to do more work even though he is just dealing with many physical, mental, and emotional issues. According to Rodriguez Ruiz, he was transferred to Waupun Correctional where Wierenga was working. Wierenga allegedly bragged about how they had treated Rodriguez Ruiz while he was at Fox Lake. Dkt. No. 1 at 2-3.

Rodriguez Ruiz next alleges that another inmate informed him that he had been told to assault Rodriguez Ruiz as a form of retaliation for snitching to the police. Rodriguez Ruiz asserts that the inmate assaulted him and destroyed his tablet. After spending time in segregation, the

inmate was placed back on Rodriguez Ruiz's unit and tier. He later broke Rodriguez Ruiz's television and was again placed in segregation only to be placed back on Rodriguez Ruiz's unit and tier. Rodriguez Ruiz alleges that they were housed on the same unit and tier even though he had filed a special placement needs request with Captain Olson (not a Defendant).

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). When evaluating whether force used by an officer was excessive, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6 (citing *Whitley*, 475 U.S. at 320–21). The Court will allow Rodriguez Ruiz to proceed on an excessive force claim against Wierenga based on his allegations that Wierenga repeatedly punched him in the head while he awaited medical care, apparently for no reason.

However, Rodriguez Ruiz fails to state additional claims. As previously noted, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must contain sufficient factual content to raise the right to relief above the speculative level. Rodriguez Ruiz's conclusory statements that Cruz used excessive force because he tased him and that Sanchez, Wierenga, and others used excessive force because they beat him are insufficient to state a claim because they are not supported by factual allegations that would allow the Court to infer that these individuals violated his rights. Rodriguez Ruiz provides no details about the

4

circumstances giving rise to the alleged use of force, and without this information, the Court has no basis to infer that the alleged force was applied maliciously and sadistically to cause harm.

Similarly, his conclusion that Sanchez denied him religious items is unsupported by factual allegations such as what items he was denied, when he was denied the items, and why he was denied the items. Again, without this factual content, the Court cannot reasonably infer that Sanchez's conduct violated the Constitution. Rodriguez Ruiz also fails to state a claim based on his assertions that Wierenga opened his legal mail in his presence. The Supreme Court has long held that such an approach to inspecting legal mail is constitutionally permissible. *See Wolf v. McDonnell*, 418 U.S. 539, 576-77 (1974). And, even if the mail was opened outside of Rodriguez Ruiz's presence, he fails to include sufficient facts for the Court to reasonably infer that his access to the courts was hindered as a result. *See Guajardo-Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010).

Finally, Rodriguez Ruiz cannot sue another inmate under 42 U.S.C. §1983, which applies only to persons who "act under color of state law." The Supreme Court has defined this phrase as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (citations omitted). A fellow inmate is not "clothed with the authority of state law," so Rodriguez Ruiz cannot pursue his claim against the inmate in this Court.

**IT IS THEREFORE ORDERED** that Rodriguez Ruiz's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Cpt. C. Cruz, Cpt. Sanchez, John Does 1-3, and Jimmie Hanson are **DISMISSED** based on Rodriguez Ruiz's failure to state a claim against them.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Rodriguez Ruiz's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Jordan Wierenga.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Wierenga shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Rodriguez Ruiz shall collect from his institution trust account the $341.13 balance of the filing fee by collecting monthly payments from Rodriguez Ruiz's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Rodriguez Ruiz is transferred to another institution, the transferring institution shall forward a copy of this Order along with Rodriguez Ruiz's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Rodriguez Ruiz is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Rodriguez Ruiz is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Rodriguez Ruiz may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 13th day of May, 2022.

>s/ William C. Griesbach
>William C. Griesbach
>United States District Judge