UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FRANCISCO RODRIGUEZ RUIZ, JR.,

                Plaintiff,

v.                                                Case No. 22-C-368

JORDAN WIERENGA,

                Defendant.

## DECISION AND ORDER

Plaintiff Francisco Rodriguez Ruiz, Jr., is representing himself in this 42 U.S.C. §1983 action. He is proceeding on an excessive force claim against Defendant Jordan Wierenga. On June 24, 2022, Ruiz filed a letter raising several issues. He first notifies the Court that he tried to mail documents showing that he suffers from mental health issues and that he has corresponded with several law firms in an effort to locate a lawyer who will help him. The Court did not receive the documents. Nonetheless, Rodriguez Ruiz asks that his request for counsel be honored by the Court. He then notifies the Court that he does not have access to his property, including his legal materials, and he asks that the Court order his institution to give him his property. Rodriguez Ruiz also explains that he does not know how to litigate his case. He asks the Court to order Defendant to give him all the evidence relevant to his claim. Finally, he notes that Defendant is working at his institution, so he does not feel safe. He asks the Court to order that he be transferred to a new institution and that a restraining order be entered on his behalf.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1). In

exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). To demonstrate he satisfied the first prong, a plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when he attempted to contact them; and (4) the lawyers' responses. Rodriguez Ruiz did not satisfy the first prong. Although he asserts that he tried to mail documents to the Court that would show his efforts, the Court has not received those documents. According to the documentation he filed in support of his letter, his documents were returned to him because he did not indicate how he wanted to pay for postage. According to his institution, Rodriguez Ruiz may resubmit his documents for mailing and properly complete the paperwork necessary to pay for postage.

Regardless, even if Rodriguez Ruiz had satisfied the first prong, the Court would still deny his request for counsel because he does not satisfy the second prong. When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.*

Rodriguez Ruiz has the capacity to represent himself at least through discovery. His claim that Defendant punched him for no reason is straightforward and will turn on his personal knowledge of what happened. Although he has mental health issues, he was able to clearly explain in his complaint what happened and he has continued to advocate well for himself by asking the Court for relief and explaining why he believes he is entitled to the relief he seeks. Rodriguez

Ruiz explains that he does not know how to proceed, but his lack of legal knowledge is not a sufficient reason to recruit a volunteer lawyer. The Court included with its screening order a guide with helpful information about how cases proceed. The Court encourages Rodriguez Ruiz to review this guide closely once he regains access to his property. In any event, for now, there is nothing for Rodriguez Ruiz to do. Defendant's answer is due July 12, 2022. After Defendant files his answer, the Court will enter a scheduling order setting deadlines for discovery and the filing of dispositive motions. After the Court enters a scheduling order, Rodriguez Ruiz may serve discovery requests seeking the information he believes he needs to prove his claim. The discovery process is described in the guide provided by the Court.

In short, because Rodriguez Ruiz has the capacity to represent himself at this stage of the case, the Court will deny his request for counsel. If new challenges arise that Rodriguez Ruiz believes he cannot overcome on his own, he may renew his request. But he must be specific about what challenges he faces and what efforts he has made to overcome them. Simply demonstrating that he has contacted law firms in an effort to secure counsel will be insufficient for the Court to recruit a lawyer to represent him.

Finally, the Court will also deny Rodriguez Ruiz's requests that the Court order his institution to give him his property, transfer him to a new institution, and prevent Defendant and others from interacting with him. The Supreme Court has repeatedly noted that "prison officials have broad administrative and discretionary authority over the institutions they manage . . . ." *Hewitt v. Helms*, 459 U.S. 460, 467 (1983). How to manage inmates' property, where to house inmates, and how to manage staff assignments is "the business of prison administrators rather than of the federal courts." *Id.* Absent a showing of harm, the Court will not interfere in the day-to-day management of the prison.

Further, the Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  Preliminary injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *Kaimowitz v. Orlando*, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citations omitted)); *see Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). In the context of prisoner litigation, the scope of the Court's authority to issue an injunction is further circumscribed by the Prison Litigation Reform Act (PLRA).  *See Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012).  Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. §3626(a)(2); *see also Westefer*, 682 F.3d at 683.

Rodriguez Ruiz's complaints are about incidents that occurred long after he filed his complaint and most involve unnamed officers who are not defendants in this action, making the granting of the relief he requests inappropriate.  Further, the relief he seeks—that the Court interfere with Defendant's and others' job duties and that Rodriguez Ruiz be transferred to a different institution—are overly broad and intrusive, thus violating the PLRA's requirement that preliminary injunctive relief be narrowly drawn.  If Rodriguez Ruiz believes corrections officers are acting improperly, he may raise his concerns with his institution by filing inmate complaints.  If he is unable to resolve his concerns at the institution level, he may pursue litigation in a new case.

**IT IS THEREFORE ORDERED** that Rodriguez Ruiz's letter motion for the recruitment of counsel (Dkt. No. 14) is **DENIED without prejudice** and his requests for injunctive relief are **DENIED**.

Dated at Green Bay, Wisconsin this 5th day of July, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge