UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────

FRANCISCO RODRIGUEZ RUIZ, JR.,

      Plaintiff,

  v.                                  Case No. 22-C-368

JORDAN WIERENGA,

      Defendant.
───────────────────────────────────────────────

## DECISION AND ORDER
───────────────────────────────────────────────

      Plaintiff Francisco Rodriguez Ruiz, Jr., who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983. He is proceeding on an excessive force claim against Defendant Jordan Wierenga. On August 26, 2022, Defendant moved for summary judgment on the ground that Rodriguez Ruiz failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 25. That motion is fully briefed and ready for the Court's decision. Also before the Court is Rodriguez Ruiz's motion asking the Court to reconsider its denial of his motion to appoint counsel. Dkt. No. 35. For the reasons discussed below, the Court will grant Defendant's motion, deny Rodriguez Ruiz's motion, and dismiss this case without prejudice.

## BACKGROUND

      On July 23, 2021, the institution complaint examiner (ICE) office received an inmate complaint from Rodriguez Ruiz asserting that he had been repeatedly hit by Defendant. Records demonstrate that the inmate complaint was received and that an acknowledgment of receipt was sent to Rodriguez Ruiz on July 23, 2021. On August 9, 2021, the reviewing authority adopted the ICE's recommendation to dismiss the inmate complaint, and the ICE placed the decision documents in the

institution mailroom for delivery to Rodriguez Ruiz. According to the ICE, Rodriguez Ruiz should have received the decision documents, at the latest, on August 11, 2021. Rodriguez Ruiz was transferred from Fox Lake Correctional Institution to Waupun Correctional Institution on August 12, 2021. The ICE explains that, if for some reason the decision documents were not delivered to Rodriguez Ruiz before his transfer, the documents would have been placed in his personal property and delivered to Rodriguez Ruiz at his new institution. Dkt. No. 27 at ¶¶2, 4-11; Dkt. No. 28-2 at 1.

On December 28, 2021, Rodriguez Ruiz prepared an inmate complaint appeal, which was received by the corrections complaint examiner (CCE) on January 4, 2022. A few days later, the CCE recommended dismissing the appeal because Rodriguez Ruiz had filed it beyond the fourteen-day timeframe allowed under Wis. Admin. Code § DOC 310.12(1). In his appeal, Rodriguez Ruiz had asked that the appeal be accepted late because he "never got a response to [his] previously filed complaint after being transferred to Waupun Correctional Institution." But, following an investigation into Rodriguez Ruiz's request, the CCE concluded there was no evidence to support his claim that he had not received the decision on his inmate complaint. On January 20, 2022, the Office of the Secretary adopted the CCE's recommendation and dismissed the appeal. Dtk. No. 27 at ¶¶12-20; Dkt. No. 28-2 at 30-32.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth

2

specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Rodriguez Ruiz was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "A prisoner's failure to exhaust administrative remedies before filing a claim is an affirmative defense, . . . [so] defendants have the burden of pleading and proving the defense." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Wisconsin has established the Inmate Complaint Review System (ICRS) as the principal administrative remedy for prisoners. *See* Wis. Admin. Code § DOC 310.04. Under the ICRS, a prisoner must file an inmate complaint within fourteen days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2). A prisoner may file an appeal to the CCE within fourteen days of the date of the decision on the inmate complaint or, if the inmate does not receive a

decision, forty-five days after the date the ICE enters the complaint. Wis. Admin. Code §§ DOC 310.09(1), 310.11(3).

Rodriguez Ruiz timely filed his inmate complaint; however, he did not timely file his appeal. Rodriguez Ruiz asserts that he never received the decision on his inmate complaint, but whether he did or did not is irrelevant. Wis. Admin. Code §§ DOC 310.10(9) and 310.11(1); (3) inform prisoners that they will receive a decision within forty-five days of their inmate complaint being acknowledged. If they do not receive a decision by the end of that timeframe, then they have fourteen days to file an appeal. Wis. Admin. Code § DOC 310.07(2). Rodriguez Ruiz's inmate complaint was acknowledged on July 23, 2021. Dkt. No. 28-2 at 1. Thus, per Wis. Admin. Code §§ DOC 310.10(9) and 310.11(1), he should have received a decision no later than September 6, 2021. He asserts that he did not receive a decision. Accordingly, per Wis. Admin. Code § DOC 310.09(1), he was allowed fourteen days to file an appeal, or until September 20, 2021. Because Rodriguez Ruiz waited until December 28, 2021, to file his appeal, his appeal was untimely and appropriately dismissed.

Rodriguez Ruiz asserts that he assumed the investigation into his inmate complaint had been extended as is permissible under the rules, so he was being patient as he waited for a decision. But as the Supreme Court has explained, "[w]hen an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross v. Blake*, 578 U.S. 632, 644 (2016). The rules informed Rodriguez Ruiz to expect a decision within forty-five days of his inmate complaint being acknowledged, and then allowed him fourteen days from the expiration of that timeframe to file an appeal. Rather than doing so, Rodriguez Ruiz decided to wait, assuming the investigation into his inmate complaint was ongoing. But Rodriquez Ruiz's incorrect assumption does not excuse him from complying with the administrative rules. Because Rodriguez Ruiz did not exhaust the administrative remedies before initiating this action, Defendant is entitled to summary judgment.

Finally, on October 6, 2022, Rodriguez Ruiz asked the Court to reconsider its decision denying his motion to appoint counsel. He again explains that he suffered a traumatic brain injury that caused him to lose more than 50% of his memory and further states that he does not fully understand all that is required of him. As the Court previously explained, *see* Dkt. Nos. 15 and 24, although Rodriguez Ruiz has mental health and physical challenges, nothing suggests that they impacted his ability to litigate this case. His writing was organized and easy to understand and he was able to articulate the efforts he made to exhaust the administrative remedies. Having counsel would not change the fact that Rodriguez Ruiz failed to timely appeal his inmate complaint. Accordingly, the Court will deny his motion for reconsideration.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 25) and **DENIES** Rodriguez Ruiz's motion for reconsideration (Dkt. No. 35). This action is **DISMISSED without prejudice** based on Rodriguez Ruiz's failure to exhaust the available administrative remedies. The Clerk of Court shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 7th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge